## CITY OF MIAMI v. KOBLEY.
### Nos. 6122 and 6123.
Circuit Court, Dade County.

January 7, 1967.

Paul E. Gifford of Dubbin, Schiff, Berkman & Dubbin, Miami, for appellant.

William M. Porter, Assistant City Attorney, for appellee.

THOMAS E. LEE, Jr., Circuit Judge.

On November 21, 1966, the appellant Donald E. Kobley was found guilty in the municipal court in and for the city of Miami of two separate charges, one of resisting arrest and the second, of creating a disturbance, both of which offenses allegedly occurred on October 1, 1966. The cases were consolidated for trial in the municipal court and tried before the Honorable Meyer M. Brilliant, Municipal Judge, along with a third charge, charging the appellant with assault and battery. The appellant was found not guilty of assault and battery but was found guilty of resisting arrest and creating a disturbance. A motion for new trial was made and denied by the municipal court.

Two separate appeals were filed, one from the conviction of resisting arrest and the second from the charge of creating a disturbance. These appeals were consolidated.

Appeal #6123 arises from the conviction for resisting arrest.

This court finds that the evidence clearly shows that the appellant did not in fact resist arrest but was arrested and in custody of the Miami police before any disturbance occurred. It is therefore the opinion of the court that the appellant is not guilty of resisting arrest and the conviction on this ground must be reversed.

The appellant also appealed in case #6122 from a conviction of disorderly conduct by engaging in a disturbance.

The undisputed evidence including the testimony of police officer Putnam clearly showed that the defendant-appellant's sole effort after he was advised he was under arrest was directed toward obtaining assistance in locating and contacting witnesses as to his condition at the time of his arrest.

In furtherance of this plan, the appellant approached a Mrs. Vivian Wanamaker with whom he was acquainted by sight since she was a nurse at hospitals in which the defendant-appellant was associated.

Mrs. Wanamaker appeared at the trial and testified as to the defendant-appellant's reasonable efforts to contact her and the absolute lack of any action on the part of the defendant-appellant which could be construed as an assault on the police officer. (In fact, the charges of assault on a police officer were dismissed by the municipal court, obviously because of the total lack of evidence in this regard.)

Under these circumstances, could the city arrest the defendant-appellant and then prohibit him from obtaining the assistance of witnesses in a reasonable manner in order to defend himself from the charges against him? I think not. It is a well settled principle of constitutional law that when an individual is granted a constitutional right, he must be afforded a reasonable opportunity of exercising it or such right would be a nullity and consequently deprive him of due process of law.

Section 43-10 of the Miami Code provides that an individual who shall engage in, aid or abet in any fight, quarrel or disturbance shall be guilty of disorderly conduct.[1]

Can the appellant's conduct be considered as creating a disturbance?

The sixth amendment to the United States constitution which is made applicable to the states by virtue of the fourteenth amendment (See Gideon v. Wainwright, 372 U.S. 335; 83 S. Ct. 792; Powell v. Alabama, 77 L. ed. 158) provides that in all criminal prosecutions the accused shall have the right — "to have compulsory process for obtaining witnesses in his favor . . ." Similar provisions are contained in section 11 of the Declaration of Rights of the Florida constitution.

In the circumstances involved in this case, the appellant found himself charged with an offense involving moral turpitude which would be essentially determined by his condition as it existed at the time of his arrest. He was alone in his vehicle and consequently realized that it was his testimony against the testimony of the police officer which would determine his fate at the trial.

The question thus arises — does the exercise by an individual in a reasonable manner of his constitutional rights constitute the creation of a disturbance so as to make such action a criminal offense?

This question was answered in the negative in the recent decision of the Supreme Court of Arkansas in Briggs v. State, 367 S.W. 2d 750, where the court stated on page 754 —

"The point we wish to make completely clear is that the mere fact that the exercise of a lawful right may result in a *disturbance* or a *breach of the peace does not* make the exercise of that right a violation of the law so long as the right is exercised in a peaceful manner and without force or violence or threats of same." (Italics added.)

---

1. Section 43-10 *Disorderly Conduct Generally* — "Shall assault another, or shall engage in, aid or abet in any fight, quarrel or disturbance."

In Wright v. Georgia, 373 U.S. 284, 10 L. ed. 2d 346,83 S. Ct. 1240, it was held —

"That failure to obey the command of the police officer constitutes a traditional form of breach of the peace. Obviously, however, one cannot be punished for failing to obey the command of an officer if that command is itself violative of the constitution. The command of the officer in this case was doubly a violation of the petitioner's constitutional right."

In the Wright case, the court concluded that the action in failing to obey the police officer under such circumstances did not constitute the creation of a disturbance resulting in disorderly conduct and any interpretation of the statute to make such action criminal would render the statute unconstitutional, as depriving the defendant-appellant of due process of law.

The sum total of the appellant's actions in this case constitute a reasonable attempt to secure the names and addresses of witnesses who might be called upon to assist him in what be believed to be a forthcoming trial on drunken driving charges. The appellant had a constitutional right to take such actions as would enable him to adequately defend himself in the metropolitan court — which action, of course, included the right to obtain the names and addresses of potential witnesses in his forthcoming trial.

The police officer who arrested him had a reasonable duty to assist him in the preparation of his trial to the extent of allowing him to obtain the names and addresses of witnesses rather than interfering with this action. The interference of the police officer in this instance constituted state action condemned by the fourteenth amendment of the United States constitution, depriving the appellant of the equal protection of the laws and of due process of law.

In Bailleaux v. Holmes, 177 F. Supp. 361, the district court of Oregon had before it a situation whereby the plaintiffs who were prisoners in the Oregon State Penitentiary, some of whom were awaiting trial and some of whose cases were on appeal, brought an action against the defendants, who constituted the board of prisons of the state, for the purpose of enjoining the defendants from interfering with certain constitutional rights which the plaintiffs claimed.

It was the plaintiffs' contention that the actions of the defendants prohibited the plaintiffs from having any law books in their

cells and reasonably using the law library available to the prisoners in the penitentiary. Some of the complaints included the inability of more than four prisoners at one time to use the law library, the disallowance of the prisoners' right to take law books into their cells, not allowing the plaintiffs to individually purchase law books on their own, and the confiscation by the defendant of certain legal documents found in the prisoners' possession outside of the law library.

It was found that these actions on behalf of the Oregon state penitentiary officials constituted a deprivation of the plaintiffs' constitutional rights because the plaintiffs had a right to legally prepare for trial or appeal, and this was so whether or not they may have had the assistance of attorneys, since an individual shall always have the right to represent himself in any court. Consequently, it was held that restrictions such as those described above upon the prisoners were violations of their constitutional rights and an injunction would issue.

The analogy between the situation in the Bailleaux case and this case is strong. A state has a duty to reasonably afford an individual his constitutional rights and cannot grant to a defendant constitutional rights on paper, and in fact deprive him of these rights by the arbitrary action of an official.

Such actions are condemned by the due process clause of the fourteenth amendment to the United States constitution and should be stricken. To say that the appellant's action in attempting to protect his constitutional rights under the circumstances involved in this case constituted the offenses of resisting arrest and creating a disturbance would be state action depriving the appellant of his individual constitutional rights, and violative of the provisions of the fourteenth amendment to the federal constitution. See Cox v. State of Louisiana, 85 S. Ct. 453. A construction of a municipal ordinance in such a manner as to find that the facts involved here constitute the offense of resisting arrest and creating a disturbance would render such ordinances vague and unenforceable and contrary to the appellant's constitutional rights.

It is the opinion of this court that the clear weight of the evidence as properly interpreted in accordance with the constitutional requirements set forth above demonstrates that the appellant was not guilty of the offense of disorderly conduct by engaging in a disturbance, and the conviction on that charge as raised on appeal #6122 must be reversed.